UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| V.R., a minor, by and through his parent J.T.,<br><br>                    Plaintiff,<br>     v.<br><br>UNIVERSITY PLACE SCHOOL DISTRICT,<br><br>                    Defendant. | CASE NO. 3:21-cv-05318-LK<br><br>ORDER REQUIRING APPOINTMENT OF A SETTLEMENT GUARDIAN AD LITEM |

This matter comes before the Court upon the parties' joint brief in response to the Court's Order directing them to file briefing addressing whether the parties' settlement requires the Court to appoint a guardian ad litem and approve the settlement. Dkt. Nos. 23, 24. For the reasons stated below, the Court finds that appointment of a settlement guardian ad litem is required and directs the parties to comply with Local Civil Rule 17(c) by submitting a petition for appointment of a settlement guardian ad litem within 30 days of this Order. Alternatively, the parties may notify the Court within 14 days of this Order that they request the appointment of pro bono counsel through the Western District Pro Bono Panel to serve as settlement guardian ad litem.

ORDER REQUIRING APPOINTMENT OF A SETTLEMENT GUARDIAN AD LITEM - 1

## I. BACKGROUND

V.R. is a student who is 11 to 14 years old[1] with disabilities who attends school in the University Place School District in Pierce County, Washington. Dkt. No. 1 at 1. In 2020, the School District filed a due process hearing against V.R.'s parent J.T. arising from a special education eligibility evaluation that it completed on March 3, 2020, and J.T. then filed a due process hearing request against the School District. *Id.* at 2. From September 28 to October 2, 2020, the parties participated in a hearing before an administrative law judge ("ALJ"). *Id.* On February 9, 2021, the ALJ issued a decision finding that the School District violated the Individuals with Disabilities Education Act ("IDEA"), but denying J.T.'s request for an Independent Educational Evaluation at public expense as well as other remedies. *Id.*

In May 2021, V.R. (by and through J.T.) filed a complaint in this Court alleging that the School District violated the IDEA, 20 U.S.C. §§ 1400–1482, and the Washington Education for All Act, Wash. Rev. Code. §§ 28A.155.010–230,[2] by failing to provide V.R. with a free appropriate public education. *Id.* at 5. Plaintiff also asked the court to reverse the ALJ's erroneous findings of fact and conclusions of law and order the School District to provide compensatory education to V.R. *Id.* at 6. The School District filed a counterclaim for breach of contract, alleging that Plaintiff sought compensation for speech language pathology services in excess of those provided for in a settlement agreement between the parties. Dkt. No. 17 at 4. The School District also asked the court to reverse the ALJ's award of compensatory education. *Id.* at 5. With respect to the School District's breach of contract counterclaim, Plaintiff asserted an affirmative defense that the School District could not proceed with the claim unless it joined J.T. "in her individual

---

[1] V.R.'s complaint, filed May 3, 2021, stated that he was a "twelve soon to be thirteen-year-old seventh grader." Dkt. No. 1 at 1. Confusingly, the parties' joint brief, filed March 7, 2022, states that he 11 years old. Dkt. No. 24 at 2.

[2] The Complaint cites a different provision of Washington law, *see* Dkt. No. 1 at 3 (citing Wash. Rev. Code § 28A.13), but that Chapter was recodified as Wash. Rev. Code §§ 28A.155.010–230.

ORDER REQUIRING APPOINTMENT OF A SETTLEMENT GUARDIAN AD LITEM - 2

capacity as a party to this action." Dkt. No. 10 at 2–3.

On February 8, 2022, Plaintiff filed a notice of settlement and an unopposed motion to dismiss the action. Dkt. Nos. 20, 21. The following day, Defendant filed its own notice of settlement. Dkt. No. 22. On February 18, 2022, the Court issued an Order noting that Plaintiffs' motion to dismiss failed to address the requirements of Local Civil Rule 17(c), and directing the parties to either submit a petition seeking the appointment of a settlement guardian ad litem or file briefing addressing whether the settlement required the Court to appoint a guardian ad litem and approve the settlement. Dkt. No. 23.

## II. DISCUSSION

In the parties' joint brief, they argue that their settlement is not a "compromise or settlement of a minor's claims" because the only claims before the Court belong to V.R.'s parent, J.T. They argue that this is so because under IDEA, all rights are vested in parents *only*, and not in the child: "The IDEA does not provide an avenue for a minor child to enforce any aspect of the IDEA, either on their own or through a representative." Dkt. No. 24 at 1–2; *id.* at 4 ("[P]arents in Washington hold all rights under the IDEA until their child turns eighteen years old."). The parties also suggest that IDEA vests certain rights, specifically the statute's procedural rights, in the parents only. Dkt. No. 24 at 4–5.

But the Supreme Court has made clear that "IDEA includes provisions conveying rights to parents *as well as to children*." *Winkelman ex rel. Winkelman v. Parma City School District*, 550 U.S. 516, 521 (2007).[3] In *Winkelman*, the Court observed that there is "little support for the inference that parents are excluded by implication whenever a child is mentioned, and vice versa."

---

[3] Notably, the Court's holding in *Winkelman* abrogated earlier authority holding that rights under IDEA belong *only* to the minor child. *See, e.g.*, *Cavanaugh ex rel. Cavanaugh v. Cardinal Loc. Sch. Dist.*, 409 F.3d 753, 757 (6th Cir. 2005) ("we hold that the right of disabled child to a FAPE belongs to the child alone, and is not a right shared jointly with his parents"); *see also Blanchard v. Morton School District*, 509 F.3d 934, 938 (9th Cir. 2007) ("[I]n light of *Winkelman,* the district court was not correct in ruling that the IDEA creates no individual rights in parents.").

ORDER REQUIRING APPOINTMENT OF A SETTLEMENT GUARDIAN AD LITEM - 3

550 U.S. at 530. "IDEA does not differentiate, through isolated references to various procedures and remedies, between the rights accorded to children and the rights accorded to parents." *Id.* at 531. Because "[t]he statute's procedural and reimbursement-related rights are intertwined with the substantive adequacy of the education provided to a child," it is "difficult to disentangle the provisions in order to conclude that some rights adhere to both parent and child while others do not."). *Id.* at 531–32 (citations omitted).

Recognizing that IDEA "confers [substantive] rights on the parents of disabled children *as well as* on the children themselves," *Blanchard*, 509 F.3d at 936–37 (emphasis added), the Ninth Circuit has held that "the IDEA rights of parents and children are generally coterminous," *D.K. ex rel. Kumetz-Coleman v. Huntington Beach Union High Sch. Dist.*, 554 F.3d 780 (9th Cir. 2009). With respect to IDEA's procedural protections, "Congress' intent . . . is quite clear"; "[20 U.S.C.] § 1415 establishes a private right of action for disabled children *and* their parents." *Lake Washington Sch. Dist. No. 414 v. Off. of Superintendent of Pub. Instruction*, 634 F.3d 1065, 1067–68 (9th Cir. 2011) (emphasis added).[4] A parent may bring a claim for relief in both capacities—as representative of the child with a disability, and in the parent's own right. *See, e.g.*, *Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015) (discussing distinction between a parent's enforcement of her child's rights under IDEA and the parent's own rights); *see also Weissburg v. Lancaster Sch. Dist.*, 591 F.3d 1255, 1260 (9th Cir. 2010) (noting that parents who litigate their children's IDEA claims *pro se* are not eligible to receive attorneys' fees).

Here, the claims asserted are those of V.R. Although the parties now assert that J.T. "brought these claims on her own behalf and pursuant to the independent, enforceable rights she

---

[4] The regulations cited by the parties, Dkt. No. 24 at 3–4, are consistent with this interpretation. Those regulations state only that parental rights may be transferred to the child when the child turns 18—from which it does not follow that the child has no rights before that age. *See* 34 C.F.R. § 300.520(a); Wash. Admin. Code § 392-172A-05135(1).

ORDER REQUIRING APPOINTMENT OF A SETTLEMENT GUARDIAN AD LITEM - 4

possesses under the IDEA," Dkt. No. 24 at 5, J.T. expressly denied this in the pleading stage. *See* Dkt. No. 10 at 2 (arguing that the School District "has failed to properly join J.T. in her individual capacity as a party to this action, and thus cannot raise a Breach of Contract claim against her in this action where she is a party only in her capacity as the Parent of Plaintiff/Appellant V.R."). And the complaint identifies V.R. as "Plaintiff," refers to J.T. as "Parent," and alleges facts and seeks relief in a manner that makes clear the claims belong to V.R. *See* Dkt. No. 1 at 1–5; *id.* at 2–3, 5 ("[a]t all times relevant to this action, Plaintiff has been enrolled in the District as a student eligible for the receipt of special education services"; "Plaintiff requests that this Court . . . [o]rder the Defendant to provide compensatory education to the Plaintiff as a remedy for the Defendant's failure to provide Plaintiff FAPE [and] [a]ward Plaintiff's Parent with her costs and reasonable attorney fees").

This Court has "a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Federal Rule of Civil Procedure 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."[5] "In the context of proposed settlements in suits involving minor plaintiffs," the Court's special duty requires it to "'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). This duty exists "even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem."

---

[5] Appointment of a settlement guardian ad litem in appropriate circumstances also finds support in state law, which requires prior court approval before parents may settle or release a child's claim, with limited exceptions. Wash. R. Super. Ct. Special Proc. R. 98.16W ("In every settlement of a claim . . . *involving the beneficial interest of an unemancipated minor* . . . the court shall determine the adequacy of the proposed settlement on behalf of such affected person and reject or approve it."); *see also Scott By & Through Scott v. Pac. W. Mountain Resort*, 834 P.2d 6, 11 (Wash. 1992) ("[I]n any settlement of a minor's claim, Washington law provides that a guardian ad litem must be appointed (unless independent counsel represents the child) and a hearing held to approve the settlement.").

ORDER REQUIRING APPOINTMENT OF A SETTLEMENT GUARDIAN AD LITEM - 5

*Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see also Weissburg*, 591 F.3d at 1260 (discussing "Congress' intent to ensure that children with disabilities benefit from the judgment of an independent third party when their rights under the IDEA are violated").

The Ninth Circuit "has not provided district courts with specific guidance on how to conduct this independent inquiry" with respect to settlements in suits involving minor plaintiffs, "nor dictated whether district courts should consult state law in making such determinations." *Robidoux*, 638 F.3d at 1181. But "the typical practice has been to apply state law and local rules governing the award of attorney's fees," which can be appropriate if the court's inquiry is appropriately focused on the whether the settlement is "fair and reasonable" to the minor. *Id.* at 1182. In this District, a court's review of settlements in suits involving minor plaintiffs is guided by Local Civil Rule 17(c), which requires appointment of an independent guardian ad litem to "investigate the adequacy of the offered settlement and report thereon."[6]

Because the parties propose to settle V.R.'s claims, this Court is required to "independently investigate and evaluate" the settlement "to assure itself that the minor's interests are protected." *Salmeron*, 724 F.2d at 1363.

---

[6] The parties assert that "this Court has not previously appointed a guardian ad litem or approved settlements of cases brought by parents under the IDEA." Dkt. No. 24 at 3 n.1. They identify one case in this District where an IDEA claim was dismissed under Rule 41(a)(1)(A)(i), *C.F. v. Shoreline Sch. Dist.*, C19-2014-JRC, Dkt. Nos. 3, 4 (W.D. Wash.), but in that case the plaintiff dismissed as of right under Rule 41 before defendants had been served. The parties do not identify any other case in this District where an IDEA claim was settled without appointment of a guardian ad litem. Other district courts in this Circuit have required court approval of settlements in IDEA cases, based not only on local rule but also Federal Rule of Civil Procedure 17(c) and Ninth Circuit precedent. *See, e.g.*, *Jas. R. v. Alta Loma Sch. Dist.*, No. C20-1583-JGB, 2021 WL 6618669, at *1–2 (C.D. Cal. Oct. 15, 2021); *J.B. by & through Billiet v. Tuolumne Cty. Superintendent of Sch.*, No. C19-0858-EPG, 2021 WL 3269246, at *2 (E.D. Cal. July 31, 2021); *Duwayne C. by & through Schindler v. Merced City School District, et al.*, No. C19-01188-BAM, 2021 WL 2593322, at *2 (E.D. Cal. June 24, 2021); *C.F. v. San Lorenzo Unified Sch. Dist.*, No. C16-1852-RS, 2016 WL 4521857, at *1 (N.D. Cal. Aug. 29, 2016).

In other cases, the parties themselves have requested court approval due to involvement of a minor. *See, e.g.*, *J. P. as next friend of A.W. v. Elmore Cnty. Bd. of Educ.,* No. C19-0636-MHT, 2022 WL 357496, at *1 (M.D. Ala. Feb. 7, 2022) ("Because A.W. is a minor as referenced in Federal Rule of Civil Procedure 17(c), the parties have asked the court to approve their proposed settlement," and "[t]o represent A.W.'s interest in the determination of whether to approve the proposed $ 60,000 settlement, the court appointed a guardian ad litem."); *Escondido Union Sch. Dist. v. Chandrasekar*, No. C18-2873-JLB-NLS, 2019 WL 3945356, at *6 (S.D. Cal. Aug. 21, 2019); *S.D. by & through Brown v. Moreland Sch. Dist.*, No. C14-0813-LHK-LB, 2014 WL 6687254, at *2 (N.D. Cal. Nov. 25, 2014).

## III.  CONCLUSION

For the reasons stated above, the Court finds that its approval of the settlement is required, and DIRECTS the parties to comply with Local Civil Rule 17(c) by submitting a petition for appointment of a settlement guardian ad litem within 30 days of this Order. Alternatively, the parties may notify the Court within 14 days of this Order that they request the appointment of pro bono counsel through the Western District Pro Bono Panel to serve as settlement guardian ad litem. *See* Pro Bono Panel, https://www.wawd.uscourts.gov/attorneys/pro-bono-panel (last visited June 13, 2022). If the parties choose to request appointment of pro bono counsel, the undersigned will refer their request to the Panel.

Dated this 13th day of June, 2022.

*[signature]*

Lauren King
United States District Judge